**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **CR. NO.08-00023-01ML**

**VICTOR E. PEREZ-VILCHEZ**

# MEMORANDUM IN SUPPORT OF MOTION TO SENTENCE OUTSIDE THE GUIDELINES

## I. Introduction

On February 1, 2008, Mr. Perez was arrested by the United States Postal Inspector and the Rhode Island State Police for taking possession of a package, sent through the mail, containing two bricks of cocaine and weighing more than 500 grams but less than two kilograms. On June 4, 2008, he pled guilty to Count 2 of the Indictment, charging him with possession with intent to distribute 500 grams or more of a controlled substance.

A Presentence Report, prepared by the United States Probation Department has been submitted and reviewed. Mr. Perez, who qualified for the safety valve, accepts the guideline calculations set forth in the report; an offense level of 21 with a criminal history category I, the advisory guideline range is 37 – 46 months.

The Presentence Report provides details concerning the personal, biographical data and briefly describes the nature and circumstances surrounding this offense. It is apparent form the Presentence Report and attached character letters that Mr. Perez criminal conduct in this offense is unusual and uncharacteristic of the way he led his life prior to his arrest.

Mr. Perez lost his father at a young age and does not have any siblings. He was raised by his mother who is a dedicated woman with a strong work ethic. His family and friends reside in the Commonwealth of Puerto Rico.

Mr. Perez is 29 years old. Prior to his arrest, he was a hard working, law abiding individual who supported his minor children. A third child was born during Mr. Perez incarceration.

He fell upon difficult financial times as a result of losing his job in the service department for Lexus de San Juan in October 2007. Mr. Perez received a modest draw from unemployment, however by January 2008, he was distressed over his financial predicament. He allowed his will to be overpowered by his desire for quick solution to his financial difficulties.

As a result of his conduct, Mr. Perez lost his freedom. He missed the opportunity to attend the birth of his third child. He has been separated from his family and friends, unable to have visitation because his family resides in Puerto Rico.

II. 18 U.S.C. § 3553(a) Factors

The United States Sentencing Guidelines were rendered advisory in *United States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). However, in determining an appropriate sentence, the Court should begin the sentencing analysis by determining the appropriate advisory guideline. See *Gall v. United States*, _ U.S. _, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Thereafter, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).

18 U.S.C. § 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Cocaine, weighing between 500 grams and under 2 kilograms, was mailed from Puerto Rico to Rhode Island. Mr. Perez's role was to come to Rhode Island and take possession of the package

containing cocaine. He expected to receive compensation for his travel and signing for the package when he returned to Puerto Rico. Mr. Perez did not receive financial compensation for his involvement in the instant offense.

Mr. Perez's involvement in the instant offense was the result financial difficulties. He had been unemployed for several months and was in need of money to support his children and himself. He was not motivated by avarice. He suffered an egregious lapse of judgment and this lapse in judgment was uncharacteristic of the way he had previously led his life. It was an isolated incident; evidence of aberrant behavior.

18 U.S.C. § 3553(a)(2) directs the Court, in determining a sufficient sentence not greater than necessary to comply with the purposes of the statute, "to consider the need for the sentence imposed." A sufficient sentence must "reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense"; "afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A – C).

This is Mr. Perez first offense. He has been incarcerated and removed from society for the past seven (7) months. His schedule is dictated by the rules of the correctional facility. Mr. Perez's incarceration in Rhode Island has been particularly harsh because he is unable to visit with family and friends.

Mr. Perez is not attempting to escape punishment for his involvement in the instant offense, rather, a lesser period of incarceration than that proposed by the advisory guidelines. He realizes the seriousness of the offense and the danger control substances inflict upon society. He also realizes that he has no one to blame but himself for his predicament.

Mr. Perez will not be a recidivist. He has learned his lesson and is determined to become a productive member of society. 21 U.S.C. 841(a)(1) provides for a minimum mandatory penalty of 5 years, however, a 24 month period of incarceration would reflect the seriousness of the offense, protect the public from the defendant, provide just punishment and adequately deter criminal conduct. Additionally, Mr. Perez intends to obtain his GED and a 24 month period of incarceration is adequate time to finish his education. See 18 U.S.C. § (a)(2)(D).

III. Conclusion

Based upon the facts and circumstances surrounding this matter a sentence of incarceration for 24 months is reasonable and is sufficient to satisfy the purposes of sentencing.

VICTOR E. PEREZ-VILCHEZ,
By his attorney,

/s/ Mary June Ciresi
Mary June Ciresi
127 Dorrance Street
Lower Level
Providence, RI 02903
401.455.9600
401.383.9447 (fax)
RI Bar No. 3739
mjciresi@ciresilaw.com

CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and sent, via email, to Kristin Mattias, United States Probation Officer on the 9th day of September 2008.

MJCiresi